UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESSIE J. THODDE,
    Plaintiff,                                  CASE NUMBER: 07-22233-CIV
                                                      Judge/Magistrate: GOLD/TURNOFF

vs.

CITY OF AVENTURA,
SUSAN GOTTLEIB, MAYOR,
STEVE STEINBERG, CHIEF OF POLICE,
SERGEANT MARC A. GREENBERG, individually,
CST NATASHA MCKAY, individually,
OFFICER DANIEL BRAUSE, individually,
OFFICER REUBEN BRIZUELA, individually,
                                                       /

## THIRD AMENDED COMPLAINT

COMES NOW, the Plaintiff, JESSIE J. THODDE, by and through her undersigned attorneys and brings the following claims against the Defendants, CITY OF AVENTURA, SUSAN GOTTLEIB, MAYOR, STEVE STEINBERG, CHIEF OF POLICE, SERGEANT MARC A. GREENBERG, individually, CST NATASHA MCKAY, individually, OFFICER DANIEL BRAUSE, individually, OFFICER REUBEN BRIZUELA, individually, and states as follows:

### JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 USC §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this dispute pursuant to 28 USC §§1331, 1343 and has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 USC §1367.

2.     Venue is proper in the Southern District of Florida, as the actions giving rise to this complaint occurred in Miami-Dade County, Florida.

3. The individual, corporate, and governmental Defendants all reside in, conduct business in or govern the residents of Miami-Dade County, Florida.

## CONDITIONS PRECEDENT

4. The Plaintiff has complied with all conditions precedent to filing this lawsuit including, but not limited to, notice to the governmental Defendants pursuant to §768.28 of the Florida Statutes.

## PARTIES

5. The Plaintiff, JESSIE J. THODDE, was and is a resident of Broward County, Florida, and is over the age of eighteen and is otherwise *sui juris*. She was arrested and subjected to a strip and body cavity search.

6. The Defendant, THE CITY OF AVENTURA, is a municipality and political subdivision of the State of Florida duly incorporated under the law of the State of Florida that maintained or permitted an official policy or custom or practice of causing or permitting the occurrence of the types of wrongs complained of herein.

7. The Defendant, SUSAN GOTTLEIB, is the Mayor of the City of Aventura and is otherwise *sui juris.*

8. The Defendant, STEVE STEINBERG, is the Chief of Policy for the City of Aventura and is otherwise *sui juris*.

9. The Defendant, SERGEANT MARC A. GREENBERG, is a resident of Miami-Dade County, Florida, and is over the age of eighteen and is otherwise *sui juris*.

10. At all times material hereto, the Defendant GREENBERG, was a police officer employed by the Defendant, CITY OF AVENTURA, and was acting in the course and scope of

his employment and under color of state law.

    11.    The Defendant, CST NATASHA V. MCKAY, is a resident of Miami-Dade County, Florida, and is over the age of eighteen and is otherwise *sui juris*.

    12.    At all times material hereto, the Defendant MCKAY, was a police officer employed by the Defendant, CITY OF AVENTURA, and was acting in the course and scope of her employment and under color of state law.

    13.    The Defendant, OFFICER DANIEL BRAUSE, is a resident of Queen Creek, Arizona, and is over the age of eighteen and is otherwise *sui juris*.

    14.    At all times material hereto, the Defendant BRAUSE, was a police officer employed by the Defendant, CITY OF AVENTURA, and was acting in the course and scope of his employment and under color of state law.

    15.    The Defendant, OFFICER REUBEN BRIZUELA, is a resident of Miami-Dade County, Florida, and is over the age of eighteen and is otherwise *sui juris*.

    16.    At all times material hereto, the Defendant BRIZUELA, was a police officer employed by the Defendant, CITY OF AVENTURA, and was acting in the course and scope of his employment and under color of state law.

    17.    At all times material hereto, the Defendant, CITY OF AVENTURA's agents, employees, and/or servants were acting within the course and scope of their employment and the CITY OF AVENTURA is vicariously liable for their actions.

## **FACTS GIVING RISE TO COMPLAINT**

18.     On or about August 24, 2003, several CITY OF AVENTURA police officers including, but not limited to, NATASHA MCKAY, MARC GREENBERG, DANIEL BRAUSE and/or REUBEN BRIZUELA, while acting under color of law and within the course and scope of their employment, initiated a stop of the Plaintiff, JESSIE THODDE, for an expired tag.

19.     MS. THODDE'S tag had allegedly been expired since her date of birth, August 11, less than two weeks prior.

20.     During the course of the stop, MS. THODDE was attempting to move her automobile from the flow of traffic into an empty parking space.

21.     MS. THODDE was verbally threatened by Defendant MCKAY, who ordered her to stop the vehicle.  MS. THODDE immediately stopped.

22.     MS. THODDE inquired as to the reason for the stop and received no response from Defendant  MCKAY.

23.     Defendant MCKAY ordered MS. THODDE to get out of the vehicle, reached into the vehicle and across MS. THODDE to unbuckle her seatbelt, and threatened MS. THODDE with charges of "resisting arrest."

24.     During the course of the stop, Defendant BRIZUELA threatened MS. THODDE with deportation, notwithstanding the fact that MS. THODDE was a legal resident of the State of Florida, although not a citizen of the United States.

25.     After being violently removed from her vehicle and forcefully pushed against the hood of the vehicle, MS. THODDE was placed into physical custody and under unlawful arrest for an expired tag.

26. Throughout the stop, MS. THODDE was crying and advising the officers that she would cooperate with them.

27. Despite her statements, obvious intentions to cooperate, and lack of resistance, the Defendants continued to use force to pin her to the vehicle, bending her wrist and arm behind her back, and injuring her.

28. MS. THODDE was subsequently incarcerated and detained for several hours at the CITY OF AVENTURA police department, where she was repeatedly denied use of restroom facilities, was denied nourishment, denied communication with her parents, attorney, employer, or any third person. During this time, someone from the CITY OF AVENTURA police department inappropriately contacted MS. THODDE'S employer to advise that she had been arrested.

29. MS. THODDE was subsequently charged with failure to obey a lawful command and resisting arrest without violence.

30. After several hours, MS. THODDE was transported to the Miami-Dade County Corrections And Rehabilitation Department via the City Of Aventura Police Department, for further processing.

31. Upon arrival at the Miami Dade County Corrections And Rehabilitation Department, Ms. Thodde was asked to remove her bra in front of male detention officers and inmates.

32. MS. THODDE was subsequently forced to walk in front of male detention officers and inmates while handcuffed to another inmate while her breasts were exposed through her white blouse. Her requests for a cover up were denied.

33. During processing, MS. THODDE was strip-searched and cavity-searched by an unknown female officer, in violation of Florida law.

34. At no time was MS. THODDE ever being charged with nor suspected of confiscating drugs, paraphernalia or any other unauthorized contraband.

35. The search was excessive and a violation of MS. THODDE's constitutional rights.

36. During her incarceration at the miami-dade county corrections and rehabilitation department, MS. THODDE was again repeatedly denied access to water, and communications with her parents, attorney, employer or any other third person.

37. During her incarceration at the Miami-Dade County Corrections And Rehabilitation Department, MS. THODDE was subjected to verbal and physical abuse from other inmates including being forced to watch other female inmates expose their genitals and/or wipe dirty personal hygiene items around the cell.

38. Charges were formally filed against MS. THODDE by the Miami-Dade County State Attorney's Office on August 25, 2003.

39. On April 14, 2004, the Miami-Dade County State Attorney's Office decided to nolle prosequi the charges against MS. THODDE and all charges were terminated in her favor.

40. Despite the criminal charges being dismissed, MS. THODDE'S life has been greatly affected. She was humiliated, embarrassed and suffered severe emotional and mental distress as a result of the unlawful arrest and visual body cavity search.

## COUNT I
## 42 USC §1983
## [Against CITY OF AVENTURA]

41.   The Plaintiff reaffirms and realleges paragraphs 1 through 46 as though fully set forth herein.

42.   The Defendant, CITY OF AVENTURA, its employees and agents, acting within their scope of authority and under color of state law, instituted and followed office policies, procedures and customs which resulted in the unlawful arrest of MS. THODDE, which led to the actual arrest, filing of information and prosecution of MS. THODDE for an expired tag.

43.   MS. THODDE'S arrest and the conduct engaged in by the arresting offers is actionable under 42 USC §1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

44.   The CITY OF AVENTURA either has a policy or widespread custom and practice of:

   a.   failing to investigate the facts in order to determine whether there is probable cause to arrest;

   b.   detaining suspects without reasonable suspicion;

   c.   arresting suspects without probable cause;

   d.   exceeding the scope of a reasonable search;

   e.   abusing those in custody via intimidation, threats or coercion; and

   f.   failing to train officers on the proper method of interrogation and/or arrest.

45.   These policies, either standing alone or in combination, violated MS. THODDE'S constitutional and civil rights and led to her injuries.

46.   To the extent that the named Officer Defendants' decisions and actions were not

immediately or effectively reviewable by the CITY OF AVENTURA, they may also be deemed the ultimate policymakers for the CITY OF AVENTURA.

47. Their unlawful actions resulted in the arrest of MS. THODDE and the damages of which she complains.

WHEREFORE, the Plaintiff prays that this Court enter judgment against the Defendant, the CITY OF AVENTURA, for violations of 42 USC §1983 and grant the following relief:

    a. Declaring that the CITY OF AVENTURA violated the civil and constitutional rights of MS. THODDE;

    b. Awarding compensatory damages to the Plaintiff;

    c. Awarding attorneys' fees and costs to the Plaintiff pursuant to 42 USC §1988;

    d. Awarding punitive damages as warranted; and

    e. Ordering such other and further relief as this Court deems appropriate.

## COUNT II
## 42 USC §1983
**[Against CITY OF AVENTURA Police Officers, MCKAY, BRAUSE and BRIZUELA]**

48. The Plaintiff reaffirms and realleges paragraphs 1 through 53 as though fully set forth herein.

**49**. MS. THODDE's constitutionally protected right to be free from unreasonable search and seizure and right to equal protection under the laws pursuant to the Fourth and Fourteenth Amendments of the United States Constitution were violated by the actions of the Defendants, MCKAY, BRAUSE and BRIZUELA, including, but not limited to, seizing, detaining and arresting MS. THODDE without sufficient cause, improperly detaining MS. THODDE, improperly transporting MS. THODDE into the custody of MIAMI-DADE

8

COUNTY, and causing the prosecution of MS. THODDE in the courts of this State.

50. The actions of these Defendants were taken with knowledge that they were in violation of MS. THODDE's civil and constitutional rights; the actions were not in good faith, and further constituted reckless disregard for the life, safety and welfare of MS. THODDE.

51. As a direct and proximate result of the deprivation of MS. THODDE's rights, she has suffered damages as set forth above.

WHEREFORE, the Plaintiff prays that this Court enter judgment against the Defendants, the CITY OF AVENTURA police officers MCKAY, BRAUSE AND BRIZUELA, for violations of 42 USC §1983 and grant the following relief:

a. Declaring that the Defendants, MCKAY, BRAUSE, and BRIZUELA violated the civil and constitutional rights of MS. THODDE;

b. Awarding compensatory damages to the Plaintiff;

c. Awarding attorneys' fees and costs to the Plaintiff pursuant to 42 USC §1988;

d. Awarding punitive damages as warranted; and

e. Ordering such other and further relief as this Court deems appropriate.

## COUNT III
### False Arrest/False Imprisonment
**[Against CITY OF AVENTURA and Police Officers, MCKAY, BRAUSE and BRIZUELA]**

52. The Plaintiff reaffirms and realleges paragraphs 1 through 57 as though fully set forth herein.

53. On August 24, 2003, MS. THODDE was unlawfully detained, arrested, imprisoned and/or incarcerated.

**54**. MS. THODDE's arrest was made without any reasonable factual or probable cause and in an oppressive manner by the above-named Officers from the CITY OF

AVENTURA police department.

55. Those officers, named above, while acting in the course and scope of their employment with the CITY OF AVENTURA, falsely arrested and imprisoned MS. THODDE and deprived her of her liberty without sufficient cause.

56. All charges were eventually dismissed by the Miami-Dade County State Attorneys' Office and the criminal proceedings were concluded in MS. THODDE'S favor.

57. As a direct and proximate result of the false arrest and imprisonment, MS. THODDE has suffered injury, emotional distress, mental anguish, public humiliation, embarrassment, loss of capacity for the enjoyment of life, loss of wages, and related expenses and legal costs and attorneys' fees.

WHEREFORE, the Plaintiff prays that this Court enter judgment against the Defendants, the CITY OF AVENTURA and Officers, MCKAY, BRAUSE and BRIZUELA, for her false arrest and imprisonment and grant the following relief:

a. Declaring that MS. THODDE was falsely arrested and imprisoned;

b. Awarding compensatory damages to the Plaintiff;

c. Ordering such other and further relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

58. The Plaintiff demands a trial by jury of all issues so triable against any and all of the Defendants.

Dated this __ day of June, 2008.

                                                 TERESA WILLIAMS, P.A.
*Counsel for Plaintiff, Jessie Thodde*
633 S. Andrews Avenue, Suite 101
Fort Lauderdale, FL 33301
Phone: (954)761-9131
Fax: (954)761-9149
twilliamslaw@comcast.net

_____
Teresa Williams
Florida Bar Number:   015407